IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | |
|---|---|
| WILLIOUS E. BLOCK ) | |
| ) | |
| ADC # 119582 ) | **Case No. 5:11-CV-00243 JLH-JTK** |
| Petitioner, ) | |
| v. ) | |
| ) | |
| RAY HOBBS, Director, ) | |
| Arkansas Department of Correction ) | |
| Respondent. | |

## PROPOSED FINDINGS AND RECOMMENDATIONS

### Instructions

The following recommended disposition has been sent to United States District Court Chief Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1

  1.  Why the record made before the Magistrate Judge is inadequate.

  2.  Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

  3.  The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

  Clerk, United States District Court
  Eastern District of Arkansas
  600 West Capitol Avenue, Suite A149
  Little Rock, AR 72201-3325

## Disposition

BEFORE THE COURT is the Petition for Writ of Habeas Corpus filed by Willious E. Block on September 15, 2011. (Doc. No. 2). A response was filed by Respondent Ray Hobbs on November 7, 2011. (Doc. No. 12). Petitioner did not file a reply. After reviewing the parties' briefing and the available evidence, the Court finds that Petitioner's claims should be DISMISSED.

## Background

On August 28, 2009, a jury in the Hempstead County (Arkansas) Circuit Court convicted Petitioner of robbery, third degree battery, theft of property, and two counts of breaking and entering. He is currently serving the resulting 330-month sentence in the Arkansas Department of Correction. Petitioner's direct appeal to the Arkansas Court argued that his right to a speedy trial under Arkansas Rules of Criminal Procedure 28.1 and 28.2(a) was violated. That appeal

was denied, *Block v. State*, 2010 Ark. App. 603, 2010 WL 3565755 (unpublished), and his subsequent petition for review was denied by the Arkansas Supreme Court on October 7, 2010. Petitioner sought postconviction relief pursuant to Ark. R. Crim. P. 37.1 on November 17, 2010, but his petition was denied as untimely on November 18, 2010.

## Discussion

Petitioner requests relief pursuant to 28 U.S.C. § 2254, alleging that the trial court erred when it (1) caused a prejudicial delay by improperly re-assigning his counsel and (2) violated his right to speedy trial.

Respondent contends that Petitioner's claims are procedurally barred because he failed to present them to the state courts. A habeas petitioner who cannot present his federal claims in state court due to untimeliness or some other state procedural hurdle meets the technical requirements for exhaustion because there are no longer any state remedies that are available to him. *Grass v. Reitz*, 643 F.3d 579, 584 (8th Cir. 2011) (citing *Coleman v. Thompson*, 501 U.S. 722, 732 (1991)). "However, that petitioner's procedural default may constitute an 'independent and adequate state ground' barring federal habeas relief absent a showing of either cause and prejudice or actual innocence." *Id.* (internal citations omitted). "[W]e ask not only whether a prisoner has exhausted his state remedies, but also whether he has *properly* exhausted those remedies, *i.e.,* whether he has fairly presented his claims to the state courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). To meet this fair presentation requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845. "A failure to exhaust remedies properly in accordance with state procedure results in procedural default of the

prisoner's claims." *Welch v. Lund*, 616 F.3d 756, 758 (8th Cir. 2010) (citing *O'Sullivan*, 526 U.S. at 848).

In particular, Respondent argues that Petitioner failed to present a federal issue during his appeal to the Arkansas Court of Appeals. "[W]e traditionally demand that a habeas petitioner have presented 'the same legal theories and factual bases to the state courts.'" *Wyldes v. Hundley*, 69 F.3d 247, 251 (8th Cir. 1995) (quoting *Pollard v. Armontrout*, 16 F.3d 295, 297 (8th Cir. 1994)). "At minimum, though, the petitioner during direct appeal must have explicitly referred the state courts to the United States Constitution or federal case law." *Id.* (citing *Luton v. Grandison*, 44 F.3d 626, 628 (8th Cir. 1994)); *see also Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam) (holding that state courts "must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution," and that this has not been done when different standards are used by the state for the issue presented); *Carney v. Fabian*, 487 F.3d 1094, 1096-97 (8th Cir. 2007) (holding that prisoner did not satisfy presentment requirement because he "did not specifically assert a due process violation, refer to the United States Constitution, or cite a relevant federal constitutional case"); *McDougald v. Lockhart*, 942 F.2d 508, 510 (8th Cir. 1991) ("Explicit citation to the Constitution or to a federal case is necessary for fair presentation of a constitutional claim in state court.").

Although the only legal citation that is actually provided in Petitioner's federal habeas petition consists of a few vague references to the Sixth and Fourteenth Amendments, Respondent is correct that Petitioner's state appeal was based almost entirely on state law. However, the Court declines to adopt Respondent's view that Petitioner's claims are procedurally defaulted because he failed to raise any federal arguments at the state level. Although the references to federal law were far from specific, the Court believes the state court was surely "alerted to the

fact that [Petitioner was] asserting claims under the United States Constitution." *Duncan*, 513 U.S. at 366.  This is because Petitioner's appellate brief explicitly referred to the Sixth Amendment on several occasions and because several of the state cases that were cited dealt with constitutional law. *Ashker v. Leapley,* 5 F.3d 1178, 1179 (8th Cir. 1993) ("The petitioner must 'refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue.'") (quoting *Kelly v. Trickey*, 844 F.2d 557, 558 (8th Cir. 1988)).  Further, the appellate court's decision discussed the Sixth Amendment and Supreme Court decisions.

To the extent that Petitioner's claims for relief are based on the trial court's violation of Arkansas's speedy trial rules, his claims fail to raise any cognizable constitutional issues. "Generally, a claim that a state has violated its own speedy trial rules presents a question of state law for determination by state courts." *Wallace v. Lockhart*, 701 F.2d 719, 729 (8th Cir. 1983) (citing *Powers v. White*, 680 F.2d 51, 52 (8th Cir. 1982)).  "Violation by state officials of a state speedy trial law, taken alone, does not present a federal claim reviewable on habeas petition." *Poe v. Caspari*, 39 F.3d 204, 207 (8th Cir. 1994); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.").

To the extent that Petitioner's claims for relief are based on constitutional violations, the Court must apply the balancing test established in *Barker v. Wingo*, 407 U.S. 514, 529 (1972). *Wingo* identified the following four factors to guide courts in their speedy trial analysis: "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Id.*   Further, Federal courts may only overturn a state adjudication through

5

habeas if it resulted in a decision that was 1) "contrary to,[1] or involved an unreasonable application of,[2] clearly established Federal law, as determined by the Supreme Court of the United States," or 2) "based on an unreasonable determination of the facts[3] in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Petitioner's trial occurred 639 days after his arrest, and only 289 of those days were contested in his state appeal.[4] Of the 350 days that were not contested, 260 were attributed to Petitioner and 90 were attributed to the State. Of the 289 days that were contested, the appellate court found that 56 days were attributable to the State and 233 were attributable to Petitioner. Thus, only 146 days were attributed to the State in total. The court arrived at this number because some of the contested time resulted from a mental health examination and the rest resulted from motions to continue that were filed by Petitioner's various attorneys. Petitioner does not argue that the state court's determination met any of § 2254(d)'s requirements, and the Court's review has revealed no basis for such a conclusion.

---

[1] "A state court decision is 'contrary to' clearly established federal law if it reaches a conclusion opposite that of the Supreme Court on a question of law, or reaches a decision contrary to the Supreme Court on materially indistinguishable facts." *Arnold v. Dormire*, 675 F.3d 1082, 1085 (8th Cir. 2012) (citing *Wiliams v. Taylor,* 529 U.S. 362, 405 (2000)).

[2] "A state court decision involves an 'unreasonable application' when it identifies the correct legal rule, but unreasonably applies it to the facts. 'A state court's application of clearly established federal law must be objectively *unreasonable*, not merely incorrect, to warrant the granting of a writ of habeas corpus.'" *Arnold*, 675 F.3d at 1085 (citing *Jackson v. Norris*, 651 F.3d 923, 925 (8th Cir. 2011)).

[3] A state court's "determination of a factual issue . . . shall be presumed to be correct," and petitioners bear "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254 (e)(1).

[4] The Court must assume that Petitioner's allegations and arguments are identical to those contained in his state appeal because his federal habeas petition provides little to no guidance.

Although Petitioner did assert his right on several occasions, the other *Wingo* factors weigh heavily in favor of finding that Petitioner's federal speedy trial rights were not violated. Of the 630 days between Petitioner's arrest and his trial, 493 of the days were caused by Petitioner.[5] Most importantly, Petitioner's bare allegation that he was prejudiced is completely unsupported by any explanation or description of how he was prejudiced. *Wallace*, 701 F.2d at 729 ("A federal court's review of [speedy trial claims] is limited to whether the state's violation of its own speedy trial rules was so fundamentally unfair and prejudicial to petitioner as to deny him due process."). Accordingly, the Court finds that Petitioner's claims are without merit, and there is no basis under § 2254(d) for disrupting the underlying state court decisions.

IT IS THEREFORE ORDERED that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 2) be, and it is hereby, dismissed, with prejudice. The relief prayed for is DENIED.

SO ORDERED this 29th day of May, 2012.

_____
United States Magistrate Judge

---

[5] Petitioner argues that he should not be held accountable for the delays caused by several of the motions to continue that his attorneys filed, but this argument has no merit. It also has no basis in federal law because it is based on technicalities of the Arkansas Rules of Civil Procedure.