# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

WILLIOUS E. BLOCK,                                                                                          PETITIONER
ADC #119582

v.                                             No. 5:11CV00243 JLH-JTK

RAY HOBBS, Director,
Arkansas Department of Correction                                                          RESPONDENT

## ORDER

The Court has received the Proposed Findings and Recommendations from United States Magistrate Judge Jerome T. Kearney.  After a careful review of the findings and recommendations and the timely objections thereto, as well as a *de novo* review of the record, the Court concludes that the findings and recommendations should be approved and adopted as the Court's findings, with the following additions.

Block appears to raise two related issues in his petition.  One issue relates to his claim that his right to due process and his right to counsel were violated when his first lawyer, Danny Rogers, withdrew and was replaced by a second lawyer, Billy Moritz, without an order from the court approving the substitution.  The second issue is Block's claim that the delay in bringing him to trial violated his constitutional right to a speedy trial.  These two arguments are interrelated inasmuch as Block attributes much of the delay in bringing him to trial to the substitution of counsel.  The proposed findings and recommendations by Magistrate Judge Kearney addressed the speedy trial issue but did not address the substitution of counsel issue as a separate claim.  The Court adopts Magistrate Judge Kearney's proposed findings and recommendations with respect to the speedy trial issue and now addresses Block's separate claim that his rights were violated by the substitution of counsel.

With respect to the issue of substitution of counsel as a separate claim, the Arkansas Court of Appeals addressed that issue in affirming Block's conviction on direct appeal. There, the court first explained:

> A defendant's right to counsel of choice is grounded in the Sixth Amendment to the United States Constitution, and also guaranteed by article 2, section 10 of the Arkansas Constitution. *Wormley v. State*, 2010 Ark. 474, --- S.W.3d ---. While constitutionally guaranteed, the right to counsel of one's own choice is not absolute and may not be used to frustrate the inherent power of the court to command an orderly, efficient, and effective administration of justice. *Bullock v. State*, 353 Ark. 577, 111 S.W.3d 380 (2003). Also, the Sixth Amendment does not guarantee that a criminal defendant will be represented by the lawyer whom he prefers. *See Morris v. Slappy*, 461 U.S. 1, 103 S. Ct. 1610, 75 L. Ed. 2d 610 (1983).

*Block v. State*, 2010 Ark. App. 603,--- S.W.3d ---, 2010 WL 3565755, at *6 (Sept. 15, 2010). The Court of Appeals also stated:

> Appellant's argument regarding the appointment of Mr. Moritz is not supported in the record. The record of the first judicial appearance showed that the "public defender's office" was appointed and that such was explained to appellant. This was hand written in a blank space on a form document that appellant signed, attesting to his understanding that the public defender's office was appointed. On February 19, 2009, the docket entry reflected that the trial judge released the public defender's office pursuant to appellant's request to act pro se. On March 13, 2009, the docket sheet stated that appellant was present and he declined the attorney that had been appointed. Additionally, the entry showed "Mr. Moritz ordered to be standby to answer any Qs." On March 18, 2009, the entry showed that appellant was granted counsel at his request. Specifically, the record stated that the public defender commission was to appoint counsel for appellant. At the actual hearing, the trial court carefully explained to appellant that he was not appointing him a specific attorney, but rather was going to allow the public defender commission to decide who would represent him. Appellant acknowledged this several times in open court. Therefore, appellant's argument that Mr. Moritz was never his appointed attorney has no merit.

*Id*. at *7-8. The decision of the Arkansas Court of Appeals on this issue was not contrary to nor an unreasonable application of clearly established federal law. In addition to the facts noted by the Court of Appeals in its opinion, the Court would point out that the public defender who initially represented

2

Block, Danny Rogers, stated in his notice of substitution of counsel that he had received correspondence from Block that put him in a position of having a conflict, so it was necessary for him to withdraw and to reassign the case to Billy Moritz. Block does not dispute Rogers's statements that he received correspondence from Block that created a conflict of interest and necessitated his withdrawal. Hence, Block has presented nothing that would tend to show that if the issue had been presented to the judge for the judge to decide whether to allow Rogers to withdraw, the judge would have denied Rogers's request to withdraw. Apart from the alleged delay in the trial date, Block presents nothing to show that the substitution of counsel prejudiced him in any way. Indeed, as the Court of Appeals noted, he chose to represent himself for a period of time and then requested appointment of counsel. When Block requested appointment of counsel, the court again appointed the public defender's office, and Block was represented by a third lawyer. Nothing in the record shows that any of Block's constitutional rights were violated by the manner in which these issues were handled nor the conduct of any of the lawyers.

Accordingly, judgment will be entered dismissing Willious E. Block's petition for writ of habeas corpus. Document #2.

IT IS SO ORDERED this 26th day of June, 2012.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE